UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**GABRIEL DELGADO,**

   Petitioner,

v.                                            **No. 4:22-cv-1110-P**

**BOBBY LUMPKIN, DIRECTOR,
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE-CORRECTIONAL
INSTITUTIONS DIVISION,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Gabriel Delgato,[1] Petitioner, under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition should be **DISMISSED** as unexhausted.

## BACKGROUND

Petitioner was convicted of murder and of tampering with physical evidence with intent to impair under Case No. 1628164R in the 396th District Court, Tarrant County, Texas, and was sentenced to terms of imprisonment of 75 years as to each count, to run concurrently. ECF No. 15-2 at 230–35. He appealed and the judgments were affirmed. *Delgato v. State*, No. 02-20-0057-CR, 2021 WL 2252743 (Tex. App.—Fort Worth June 3, 2021, pet. ref'd). The Court of Criminal Appeals of Texas ("CCA") denied his petition for discretionary review. *Id.* Petitioner acknowledges that he has not filed any state habeas applications. ECF No. 1 at 3.

---

[1] As Respondent notes, the state court records reflect that Petitioner's last name is spelled "Delgato," rather than "Delgado." The Court will refer to him as "Petitioner."

Petitioner asserts one ground in support of his federal habeas application. As best the Court can tell, Petitioner complains that his right to Due Process was violated when the trial court denied his requests for jury instructions regarding self-defense, necessity, and lesser-included offense of criminally negligent homicide. ECF No. 1 at 6–7. He also appears to assert that the trial court usurped fact-finding duties of the jury. *Id.* at 7.

## STANDARDS OF REVIEW

**A.   Section 2254**

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*,

356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B.    Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the CCA. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In other

words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## ANALYSIS

Petitioner raised four grounds on appeal. Three of them urged that the trial court had erred in denying his request for a self-defense jury instruction, a necessity instruction, and a lesser included instruction for negligent homicide. ECF No. 15-17 at 10. He did not include any argument that his federal constitutional rights were violated in any respect. *Id.* at 10–26; ECF No. 15-19. Nor did he make any such argument in his petition for discretionary review. ECF No. 15-21. He cannot raise unexhausted claims here, where he has not demonstrated cause and prejudice or that he is actually innocent.

As for the allegation that the trial court usurped the jury's fact-finding duties, federal courts do not sit to review errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Errors of state law, including evidentiary errors, are not cognizable in federal habeas proceeding unless they are so extreme as to constitute a denial of fundamental fairness. *Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992). Petitioner has not shown that to be the case here. *See, e.g.*, *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998) (there is no constitutional right to an instruction on a lesser-included offense in a noncapital state trial); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1998) (same).

## CONCLUSION

For the reasons discussed, the petition is **DISMISSED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **13th day** of **June, 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE